IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NEWMAN,  )<br>               )<br>  Petitioner,  )<br>               )<br>  vs.         )<br>               )<br>RICHARD KIRKLAND, Warden,  )<br>               )<br>  Respondent.  )<br>               ) | No. C 06-02510 JW (PR)<br><br>ORDER DENYING PETITION FOR<br>A WRIT OF HABEAS CORPUS |

Petitioner, a state prisoner currently incarcerated at the Folsom State Prison in Represa, California, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary hearing at Corcoran State Prison ("CSP") that resulted in the forfeiture of good time credits. Finding the petition stated a cognizable claim under § 2254, the Court ordered respondent to show cause why the petition should not be granted. Respondent filed an answer, and petitioner filed a traverse.[1]

---

[1] In his traverse, petitioner raises several new constitutional claims, invoking the First, Eighth and Fourteenth Amendments. However, these new claims were not exhausted in the previous state petition, and are therefore not properly before this Court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). Therefore, the Court will not consider these claims.

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Newman02510_denyHC.wpd

## BACKGROUND

On January 24, 2005, while Correctional Officer S. Leishman was collecting food trays after breakfast, petitioner refused to return his tray and that of his cell-mate through the food port in their cell. (Pet. 3.) According to the petition, petitioner told Officer Leishman to "open the door and get [the trays] your self [sic]." Id. Petitioner claimed that his knee was swollen, and that he would not return the tray until he received medical attention. Id. Petitioner withheld the tray for approximately one hour until he was taken to the clinic. Id. Petitioner's action delayed all programs in his section for one hour. (Pet. Ex. A.) On January 29, 2005, petitioner was issued a CDC Form 115 Rules Violation Report ("RVR") charging him with willfully resisting, delaying or obstructing a peace officer in the performance of his duty in violation of 15 Cal. Code Regs. § 3005(b). Id.

Prior to the hearing held on February 27, 2005, petitioner was provided with notice of the hearing and the charges against him. (Pet. Ex. C at 1.) At the hearing, petitioner pled not guilty, but based on the evidence presented, including the RVR and petitioner's own testimony, petitioner was found guilty of the charged offense and assessed a ninety day forfeiture of good time credits. Id. No investigative employee was assigned to petitioner's case, and no staff assistant was assigned to petitioner at the hearing. Id. Petitioner waived all witnesses other than Officer Leishman at the hearing. Id.

Petitioner administratively exhausted his remedies through the prison appeals process. Petitioner's state habeas petition was denied by the California Supreme Court on March 15, 2006. (Pet. Ex. K.) Petitioner filed the instant federal petition on April 11, 2006.

## DISCUSSION

A.   Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf

of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Jodges, 423U.S. 19, 21 (1975). A claim which, if successful, would result in the restoration of time credits is properly brought in habeas because success on such claims could result in the inmate's earlier release from prison.

B. Petitioner's Claims

Petitioner claims the following constitute due process violations at his disciplinary hearing as grounds for federal habeas relief: 1) he was denied the right to have witnesses appear in his defense; 2) he was denied his right to present evidence in his defense at the hearing; 3) he was not assigned an investigating employee ("IE") to gather information regarding his knee injury and other evidence; 4) petitioner's statements at the hearing were falsely documented and his questions to Officer Leishman were inaccurately noted; and 5) the RVR was issued in retaliation for petitioner seeking medical care for his knee. (Pet. 7.) Of these five claims, claims 1, 2, and 3 allege violations of procedural due process mandated by Wolff v. McDonnell, 418 U.S. 539 (1974).

1– 3. Due Process

Due process requires five procedural protections in connection with prison discipline that results in the forfeiture of time credits. Wolff, 418 U.S. at 556. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call

1   witnesses and present documentary evidence in his defense when permitting him to
2   do so will not be unduly hazardous to institutional safety or correctional goals." Id.
3   at 566.  Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity
4   of the issues makes it unlikely that the inmate will be able to collect and present the
5   evidence necessary for an adequate comprehension of the case, he should be free to
6   seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the
7   staff or from a[n] . . . inmate designated by the staff."  Wolff, 418 U.S. at 570.

8          The record reveals, and petitioner does not dispute, that he received written
9   notice of the charges well over 24 hours prior to the hearing and that there was a
10  written statement as to the findings and reasoning of the disciplinary decision.  (Pet.
11  Ex. C at 1.)  Furthermore,  the record shows that although petitioner had requested
12  witnesses prior to the hearing, he waived all witnesses, including his cell-mate, and
13  only requested Officer Leishman as a witness at the hearing.  Id.; see also Pet. Ex. A
14  at 2.  Petitioner was permitted, but chose not to, call other witnesses and present
15  documentary evidence.  Id.  In his own defense, petitioner was permitted to question
16  Officer Leishman at the hearing as well as give his own testimony.  Id.  A staff
17  assistant was not assigned because petitioner spoke English, was literate, and
18  petitioner confirmed that staff assistance was not necessary.  Id.  There is no
19  evidence to support either petitioner's first claim that he was denied his right to
20  present witnesses or his second claim that he was denied his right to present
21  evidence in his defense.

22         Petitioner's third claim is that he was denied his right to an IE to investigate
23  the matter of his injured knee and gather other evidence.  Petitioner claims that an IE
24  should have been appointed because he was placed in administrative segregation
25  pending the RVR hearing, and California regulations require that an IE be appointed
26  under such circumstances.  However, to the extent there may be any additional
27  procedures provided under state law, the Due Process Clause only requires that
28  prisoners be afforded those procedures mandated by Wolff and its progeny; it does

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Newman02510_denyHC.wpd     4

1   not require that prisons comply with its own, more generous procedures.  See
2   Walker v. Sumner, 14 F.3d 1415, 1419-20  (9th Cir. 1994).  Wolff states that
3   whether an IE should be appointed depends on whether "an illiterate inmate is
4   involved... or whether the complexity of the issue makes it unlikely that the inmate
5   will be able to collect and present the evidence necessary for an adequate
6   comprehension of the case." 418 U.S. at 570.  The record shows that petitioner is
7   not illiterate, and that an IE was not assigned because the issues were not complex
8   and the available information was sufficient.  (Pet. Ex. C at 1.)  Petitioner also failed
9   to provide a reason for why he required an IE.  Id.

10   Petitioner's claim that an IE could have helped him collect information about
11   his knee injury is without merit.  Petitioner has failed to demonstrate how he was
12   unable to collect this information on his own or that the information regarding his
13   knee injury was relevant to the disciplinary proceedings.  As stated in the findings of
14   the hearing: "The issue for the disciplinary hearing is whether or not [petitioner]
15   disobeyed orders and deliberately obstructed staff from their duties.  Contrary to this
16   inmate's belief, inmates are not allowed to disobey orders and obstruct a peace
17   officer from the performance of a duty because they have unresolved complaints and
18   they prefer immediate action." (Pet. Ex. C at 2.)  Because petitioner's knee injury
19   was not relevant to the disciplinary proceedings, it cannot be said that he was denied
20   due process by not having an IE appointed to assist him in investigating the matter.

21   Petitioner also claims that an IE would have been able to assist in collecting
22   information showing that his cell-mate was the one who refused to return the food
23   tray.  However, this claim is contradicted by petitioner's own admission in his
24   petition that he was the one who refused a direct order from Officer Leishman.  See
25   *supra* at 2.  Furthermore, petitioner waived his right to explicitly call his cell-mate as
26   a witness at the hearing.  See Pet. Ex. A at 2.  Consequently, petitioner was afforded
27   all the procedural due process mandated by Wolff.  See 418 U.S. at 570.
28   ///

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Newman02510_denyHC.wpd          5

### 4. False and Inaccurate Documentation

The revocation of good-time credits does not comport with the minimum requirements of procedural due process in <u>Wolff</u> unless the findings of the prison disciplinary board are supported by some evidence in the record. <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985). The standard for the modicum of evidence required is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced. <u>See id.</u> at 455. An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. <u>See id.</u> The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. <u>See id.</u> The Ninth Circuit additionally has held that there must be some indicia of reliability of the information that forms the basis for prison disciplinary actions. <u>See</u> <u>Cato v. Rushen</u>, 824 F.2d 703, 704-05 (9th Cir. 1987).

Here, the evidence of guilt consisted of a detailed statement by the reporting officer who issued the RVR and petitioner's own testimony at the hearing. (Pet. Ex. C at 2.) The officer testified that petitioner refused to give back the food tray until he got medical attention for his swollen knee and that he held onto the tray for approximately one hour, which delayed all programs in petitioner's section during that time. (Pet. Ex. A.) Furthermore, petitioner's testimony at the hearing was unconvincing, and is quoted here in its entirety: "I have still been denied medical care for my knee. To this day, I have only seen the doctor one time. I did not hold the tray for no hour either [sic]." (Pet. Ex. C at 1.) It is apparent to the hearing officer that petitioner was obstructing the officer from performing his duties in order to gain immediate medical attention. Accordingly, there was sufficiently reliable evidence to find petitioner guilty of the charged offense to satisfy the requirements of due process. <u>See</u> Hill, 472 U.S. at 454.

Petitioner's fourth claim that his statements were falsely documented and that the questions he posed to Officer Leishman were inaccurately noted is of no

consequence.  With respect to the first allegation, petitioner does not state what specifically was false about his documented testimony or recounts what he actually testified.  Moreover, petitioner's documented testimony is consistent with the fact that petitioner was dissatisfied with the lack of medical attention to his swollen knee. Petitioner also admits in his petition that his tray was not turned in until approximately an hour later.  (Pet. 3.)  With respect to the second allegation, petitioner alleges that he asked certain questions of Officer Leishman at the hearing which were not included in the record of the hearing but which he is able to recounts in detail in his petition. (Pet. 5-6.)  However, petitioner's line of questioning, beginning with the inquiry, "[w]hen you came to the cell the second time...," had to do with the officer's actions after petitioner's initial refusal to hand over the food tray.  Id.  Such questions have no bearing on the issue of whether petitioner refused Officer Leishman's first direct order to hand over the food trays and which thereafter lead to the delay in the programs in petitioner's section.

Because the procedural protections set forth in Wolff, 418 U.S. at 556, were met in this case, and the discipline was supported by "some evidence," see Hill, 472 U.S. at 454, there was no violation of petitioner's right to due process.  Accordingly, petitioner is not entitled to habeas relief on claims 1, 2, 3 and 4.

    5.  Retaliation

Petitioner's fifth claim that the RVR was issued in retaliation for seeking medical care for his injured knee does not amount to a violation of due process.  A prisoner's right to due process is violated "only is he [is] not provided with process sufficient to meet the Wolff standard." Walker, 14 F.3d at 1420.  Here, petitioner was afforded all the procedural protections mandated by Wolff.  See *supra* at 5. Even assuming that petitioner's allegation of retaliatory motivation on the part of prison officials were true, there is some evidence on the record to support the guilty finding regardless of the alleged motivations behind the RVR.  See Hill, 472 U.S. at 454.

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Newman02510_denyHC.wpd   7

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.  The clerk shall terminate any pending motions.

DATED: November 16, 2007

JAMES WARE
United States District Judge